### UNITED STATES CASUALTY CO. v. RODRIGUEZ. (No. 7605.) *

(Court of Civil Appeals of Texas. San Antonio. Oct. 27, 1926. Rehearing Denied Nov. 17, 1926.)

1. **Insurance** ⬅➡668(3)—**Evidence held insufficient to take to jury question of insurer's ratification of policy of compensation insurance as covering injury which occurred before policy was issued.**

Evidence relative to insurer's ratification of policy of workmen's compensation insurance, as covering injury which occurred before policy was issued but which was included within its terms, *held* insufficient to take issue to jury.

2. **Insurance** ⬅➡127—**Agent is unauthorized to issue policy covering known loss (Rev. St. 1925, art. 8306, §§ 3b, 4).**

Insurance agent has no authority to issue policy to cover known loss, in view of Rev. St. 1925, art. 8306, §§ 3b, 4.

3. **Insurance** ⬅➡127—**Policy of compensation insurance held not to cover injury occurring before its issuance.**

Policy of workmen's compensation insurance *held* not to cover injury to one of employees occurring before its issuance, though such injury was covered by terms of policy, which was issued on day injury was sustained, and insurer continued to accept premiums under it, since death of employee on following day did not terminate policy.

Appeal from District Court, Bexar County; W. S. Anderson, Judge.

Action by Eva Garza de Rodriguez against the United States Casualty Company. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

Denman, Franklin & Denman, of San Antonio, for appellant.

Samuel Belden, Perry J. Lewis, H. C. Carter, Champe G. Carter, and Randolph L. Carter, all of San Antonio, for appellee.

COBBS, J. Agustin Rodriguez died on the evening of October 16, 1924, at which time and before he was an employee of B. P. Darnell, working as a painter. Upon October 15, 1924, while working in the course of his said employment, one of the rungs of the ladder he was using broke and caused the board or scaffolding resting upon it to give way, and

thereby said Agustin Rodriguez was caused to fall several feet to the ground and was thereby severely injured. This fall and injury occurred about 10:30 or 11 o'clock a. m. on October 15, 1924, and upon the following evening Rodriguez died as a result thereof.

Agustin Rodriguez was earning $30 per week, upon which compensation was based, and it was agreed by the parties, in the event compensation should be awarded to appellee, it should be in a lump sum of $6,480, with the usual discount allowed by the Industrial Board.

B. P. Darnell was engaged in contract work, painting, decorating, and paper hanging, and had in his employ at the time more than three employees.

Agustin Rodriguez left surviving him as his sole beneficiary, his widow, Eva Garza de Rodriguez, the appellee herein.

[1] Appellant issued a policy of workmen's compensation insurance to B. P. Darnell, in the usual terms of such policies, which took effect at 12:01 o'clock a. m. October 15, 1924. The employer applied for the insurance shortly after the injury of the employee on the same day, and both the binder and the policy were issued to cover the entire said day of October 15th. At the time of making the application, the agent of the insurance company knew of the injury, and he testified as follows:

"My name is William Keller. I am in the employ of Herff & Eifler, as policy writer and solicitor. Herff & Eifler are local agents for the United States Casualty Company, and I am one of their employees. I knew Mr. Darnell before October 15, 1924. I have known him for several years.

"Mr. Darnell came to apply for this policy on October 15, 1924, about 11:30. I was getting ready to go to lunch—I go to lunch from 11:30 to 12:30 in the morning. When he came in to apply for the policy, he asked me if we wrote compensation policies. I told him we did, and I told him we were representing the United States Casualty Company, which writes them. He said, 'I just had a man hurt an hour or so ago, and it has kind of put me on my guard, and I rushed in here to get a policy.' He said he had a boy hurt, a ladder broke, or something, and they had called up the hospital. I told him we could write him a policy from then on covering any possible accident. He told me he fully understood that. I didn't write the binder policy at that time. I went to lunch and came back about 12:30, then I relieved a man for lunch there, and about, it must have been about 2 o'clock, when I wrote the binder. This is the office copy of the binder. We take three of them; one goes to the applicant for the policy, the second one goes to the general agents at Dallas, Tresvan & Cochran, and we keep this one for our office copy—they are all made in carbon triplicates.

"After the claim was made by Rodriguez that this policy covered the time and period of the day of the actual issuance, a new policy was issued to Mr. Darnell in substitution of that

policy; that was done at the company's instructions, Tresvan & Cochran representing the company. I don't recollect the date that this was done; it was some time later on; it was some time about a week following this letter which you show me. This letter is dated June 22, 1925.

"The premium which Mr. Darnell had paid on the first policy we credited on the second policy. The second policy was to cover from the 16th of October at 12:01 a. m. to the 16th of October, 12:01 a. m., 1924 to 1925. That was delivered to Mr. Darnell, and he accepted it. With reference to the old policy, Mr. Darnell executed a lost policy voucher. By that I mean, we are charged with every policy that is sent us, it has a number on it, and we have to account for it in some way, and, when he had received instructions to take up the old policy and bring it in, I gave him a new policy for it. * * *"

The contention of the appellant is that the policy, having been issued subsequent to the injury, was not the basis of a valid contract of insurance as against past injuries, because the injury had already occurred, and was known to the employer and to the insurance agent, and was not intended as insurance for past injuries, and that the agent had no authority to issue the policy to cover the known loss.

Appellee contends the policy by express terms covers the injury, which was known to all the parties when the insurance was issued; that by reason of all the facts, of which appellant was advised, it continued to receive benefits and premiums on the policy, and made no attempt to cancel it, but by such conduct ratified the same.

The court overruled all exceptions of appellant, and have submitted the same to the jury upon the single issue of ratification, and the jury returned an answer in the affirmative, whereupon the court entered judgment in favor of the plaintiff for the sum of $5,689.25.

Appellant submits 32 assignments of error and 12 points. We have examined them carefully, and have read the authorities cited. We do not think there is any use in discussing them separately, except the one that raises the question that the policy did not cover past injuries, because to do so would make this opinion too long. We think it serves a more useful purpose to treat this whole case from the one standpoint of the first assignment that the court erred in refusing to instruct a verdict in favor of the defendant. We can safely do that, since every possible question that could possibly arise upon the law and the facts of the case has been well and clearly raised by the admirable briefs of both parties.

Many cases relied upon by appellant arose on fire and life insurance policies, whose terms and legal effect differ somewhat from those that arise under the workmen's compensation insurance. In the latter insurance it is for compensation bought and paid for by the employer to protect him against loss and damage caused to his employees, which valuable protection he gets by paying small premiums. This gives the employer protection too from his common-law liability.

At the time this policy was issued, appellant's agent knew that the employee was injured, but yet alive, and made no effort, it is true, to change or cancel the policy, but continued it in effect and collected premiums thereunder; however, that policy was a protection against other employees as well. Darnell was the payee in the policy, not Rodriguez; it was made to Darnell to compensate and hold him harmless against any damages claimed or to be claimed by any of his employees. Darnell paid the premium, and between the acts of Darnell and the insurance company the position of the employee was changed. This compensation insurance protected Darnell, and the appellant was paid the regular premium for giving such protection, and it guaranteed protection to injured employees.

[2] We agree with appellant in all of his contentions that a life policy, issued after the death of a party, or a fire insurance policy issued after the loss, is invalid. An agent has no authority to issue a policy to cover a known loss. Blake v. Hamburg-Bremen Fire Ins. Co., 67 Tex. 160, 2 S. W. 368, 60 Am. Rep. 15; Dickey v. Continental Casualty Co., 40 Tex. Civ. App. 199, 89 S. W. 436; Norwich Union Fire Ins. Society v. Dalton (Tex. Civ. App.) 175 S. W. 459; Western Indemnity Company v. Industrial Commission, 182 Cal. 709, 190 P. 27; Hopkins v. Ins. Co., 200 Ky. 365, 254 S. W. 1041; Kerr v. Ins. Co., 117 F. 442, 54 C. C. A. 616; Phenix Ins. Co. of Brooklyn, N. Y., v. Kerr (C. C. A.) 129 F. 723; Mead v. Ins. Co., 158 Mass. 124, 32 N. E. 945; Waterloo Lumber Co. v. Ins. Co., 158 Iowa, 563, 138 N. W. 504, 51 L. R. A. (N. S.) 539; Ins. Co. v. Jordan (C. C. A.) 284 F. 422; Revised Statutes of 1925, art. 8306, § 3b, p. 2392; Revised Statutes of 1925, art. 8306, § 4.

[3] Such is the holding in Alliance Ins. Co. v. Continental Gin Co., 285 S. W. 257, a very recent case by the Commission of Appeals. It is contended that the insurance covered the entire day of the accident which by relation back and by the very terms of the policy covered the injury. We cannot agree with this contention that the policy covered a past loss. The death of one of the subscriber's employees had no effect upon the validity of the policy. While the employee lived a day after the issuance of the policy, and his death did not terminate the policy, still it was ineffectual as to him. During his life no one would deny that it would have been a protection against any other subsequent injuries, but none occurred. Still the policy was valid for all other purposes, and no cancellation thereof was sought by appellant.

This whole case in its ultimate disposition

must depend substantially upon the fact of the validity of the policy itself in the first instance, as protection against past injuries, or its subsequent ratification. The last point is the one upon which the court submitted the case to the jury, and the ratification must itself depend too, somewhat, upon the fact whether there was a valid policy to ratify. There is no proof to sustain ratification; it was lacking in every element necessary.

We sustain the error assigned, and the judgment of the trial court is reversed, and judgment is here rendered for appellant.

Reversed and rendered.