**BANKERS LLOYDS v. MONTGOMERY et al.**

No. 1660—6124.

Commission of Appeals of Texas, Section A.

May 26, 1933.

Scarborough, Ely & King, of Abilene, for plaintiff in error.

Cox & Hayden, of Abilene, for defendants in error.

SHARP, Judge.

J. E. Montgomery filed this suit against the Bankers Lloyds to recover workmen's compensation for injuries received by him while an employee of the Taylor Gin Company. He recovered judgment for the sum of $2,410. The Court of Civil Appeals at Eastland affirmed the judgment of the trial court. 42 S.W.(2d) 285.

The writ of error in this cause was granted upon the proposition that the trial court erred in refusing to peremptorily instruct the jury to return a verdict for plaintiff in error, because the undisputed evidence showed that defendant in error was, not injured during the time that the policy was in force and that the Court of Civil Appeals erred in sustaining the action of the trial court. An affirmative decision of this question is decisive of the case.

The following controlling facts appear:

On August 31, 1929, John Cox, an insurance agent of Abilene, Tex., proposed to the Taylor Gin Company to procure for them, upon certain terms, a policy of compensation insurance. Cox's proposal was accepted, and, being without application blanks, made a memorandum in writing of the facts necessary to have the policy written and agreed that the insurance would be in effect from that date. This memorandum was transmitted to Bankers Lloyds at its Dallas office, with a letter dated August 31, 1929, requesting that a policy be issued as of that date. The request was not received by Bankers Lloyds until September 3, 1929. The Bankers Lloyds did not issue the policy in compliance with the request, but instead prepared a formal application to be signed by the Taylor Gin Company, which, with a policy dated September 10, 1929, was sent to Cox to have the application signed and the policy delivered, which was done. The policy contained the following provisions: "The period during which the policy shall remain in force, unless cancelled as in the policy provided, (herein called the Policy Period) shall be from August 31st, 1929, to August 31st, 1930, at twelve and one minute o'clock a. m. Standard time as to each of said dates, at the place where any operation covered hereby is conducted," etc.

The testimony is undisputed that on the afternoon of August 31, 1929, Montgomery received the injury for which compensation is claimed; that Cox had notice of the injury at least as early as September 2, 1922; that other than the notice of Cox the Bankers Lloyds had no notice of the injury to Montgomery until after the policy was issued and delivered; that Cox had no authority to issue policies of compensation insurance, and there was no evidence or findings tending to show that he had authority to make any kind of a contract for compensation insurance; that, when he had a customer for compensation insurance, he would forward the application to the home office at Dallas and that, the company itself would write the policy, if it approved same, but that he had no authority to write the policy. The foregoing statement of the evidence will be sufficient for the purposes of this opinion.

The evidence raises this question, Can the insurance company be bound for an injury that occurred prior to the issuance of the policy when the company had no knowledge that the injury had occurred?

In Cooley's Briefs on the Law of Insurance, vol. 1, p. 347, the general rules with respect to the authority of agents to bind the company in the issuance of policies, and by contracts of insurance, is expressed in the following language:

"(1) Generally speaking, an agent to whom blank policies have been supplied, with pow-

er to issue and deliver policies, may bind the company by a contract of insurance in the absence of any notice to the insured of limitations on his authority.

"(2) An agent whose powers are limited to receiving and forwarding applications for insurance cannot make a contract binding on the company."

The basis for the first rule, above stated, rests upon the principle that an agent's authority to countersign and issue policies may, as incidental to his authority, bind the company by a preliminary or temporary contract of insurance, and, unless the person insured has some notice of limitation of the authority of the agent, he may rely on an implied authority in such agent to make such a contract. 32 C. J. p. 1099, and authorities cited in footnotes.

But the facts bring this case under the second rule above stated. It is undisputed that Cox did not have authority to write compensation insurance; that he forwarded to the home office applications for such insurance and forwarded to the home office the application in this case; that this was done after the injury had occurred and he did not notify the company of the injury at the time the application was made. It is also undisputed that the original memorandum or request for compensation insurance was not received at the home office until September 3, 1929; that the company did not know of the injury to Montgomery and dated the policy September 10, 1929, however, to begin August 31, 1929; that Cox knew that Montgomery was injured, and in spite of this fact delivered the policy.

It is true that, where it appears that an agent possesses the power to bind the company by contracts of insurance, he has authority to bind it by a preliminary or temporary contract of insurance. It is also no less true that, where it appears, as it does here, that the powers of the agent are limited to receiving and forwarding applications for insurance, he cannot make binding contracts on the company. The courts of this state, as well as the courts of many other jurisdictions, hold that an agent has no authority to issue a policy to cover a known loss. United States Casualty Company v. Rodriguez (Tex. Civ. App.) 288 S. W. 487 (writ denied); Blake v. Hamburg-Bremen Fire Ins. Co., 67 Tex. 160, 2 S. W. 368, 60 Am. Rep. 15; Dickey v. Continental Casualty Company, 40 Tex. Civ. App. 199, 89 S. W. 436; Norwich Union Fire Ins. Society v. Dalton (Tex. Civ. App.) 175 S. W. 459; Western Indemnity Co. v. Industrial Commission, 182 Cal. 709, 190 P. 27; Hopkins v. Ins. Co., 200 Ky. 365, 254 S. W. 1041; Kerr v. Ins. Co., 117 F. 442, 54 C. C. A. 616; Phenix Ins. Company of Brooklyn, N. Y., v. Kerr (C. C. A.) 129 F. 723, 66 L. R. A. 569; Mead v. Ins. Co., 158 Mass. 124, 32 N. E. 945; Waterloo Lumber Company v. Insurance Company, 158 Iowa, 563, 138 N. W. 504, 51 L. R. A. (N. S.) 539; City of New York Insurance Company v. Jordan (C. C. A.) 284 F. 420, 422.

The evidence shows that Cox at most was only a special agent of the Bankers Lloyds and had no authority to countersign and issue policies. If Cox had no authority to issue policies or bind the company by contracts of insurance, it inevitably follows that he could not bind the company by delivering a policy issued after the injury, of which the company had no notice whatsoever. A judgment based on this state of facts will not be allowed to stand.

It appearing that the testimony of this case has been fully developed and is undisputed, we see no useful purpose in reversing and remanding this cause, and recommend that the judgments of the Court of Civil Appeals and of the district court be reversed, and that judgment be entered herein for plaintiff in error.

CURETON, Chief Justice.

The judgments of the district court and Court of Civil Appeals are both reversed, and judgment rendered for plaintiff in error, as recommended by the Commission of Appeals.