**TEXAS LIFE INS. CO. v. SHUFORD.**

No. 10440.

Court of Civil Appeals of Texas. San Antonio.

June 28, 1939.

Rehearing Denied July 26, 1939.

A. D. Mabray, of Waco, and Minor W. Pitts, Jr., of Corpus Christi, for appellant.

Frank M. Kemp, J. M. Wilson, and Kemp, Lewright, Dyer, Wilson & Sorrell, all of Corpus Christi, for appellee.

SLATTON, Justice.

Appellee sued appellant upon a policy of life insurance which had been issued by appellant upon the life of David A. Gregory, to recover $1000, interest, penalty and attorney's fees, and on an alternative count appellee sought a recovery in tort for the sum of $1000. The cause was tried to a jury. The trial court granted the Insurance Company's motion for judgment in its favor on the policy, but rendered judgment against it upon the tort action in the sum of $1000. The Insurance Company appeals.

The Insurance Company issued its policy of life insurance for the sum of $1000, on the life of David A. Gregory, on December 14, 1935. Miss Norine Shuford was named beneficiary. The annual premium for the policy year beginning December 14, 1936, was never paid. In the month of February, 1937, David A. Gregory made a written application to have the policy reinstated, which application was dated on the 25th day of February. This application was received by the Insurance Company at its home office in Waco within due course of mail. The agent forwarding the application sent the sum of $3 with it to the Company. The Company did not take any action upon the application.

David A. Gregory died on the 6th day of March, 1937, and proof of death was furnished the Company by the appellee. Payment upon the policy was refused.

Since the trial court denied a recovery upon the policy to the appellee and no appeal is prosecuted upon that part of the judgment, it will be unnecessary to pass upon that phase of the case.

The Company assails the action of the trial court in refusing its motion for directed verdict in overruling its motion for judgment on the verdict and rendering judgment against it, because it is claimed that under the evidence in the cause no valid judgment may be entered against it.

The appellee insists that she is entitled to a judgment against the Insurance Company because, under the policy of insurance, the Company obligated itself to act promptly upon the application for reinstatement of the policy, and having failed to do so, and the insured having died, such negligence upon the part of the Company proximately caused her to lose the face amount of the policy.

She further insists that if the Company was not obligated by the provision of the policy to aid the insured in the reinstatement of the policy, it voluntarily attempted to do so through its agent, Hanna, and negligently failed in the attempted task, which proximately caused her loss.

The application for the insurance, duly executed by the insured, which was made a part of the policy, provided in part: "That only the President or Secretary of the Company can make, modify or discharge contracts or waive any of the company's rights or requirements and that none of these acts can be done by the agent taking this application. * * *"

The policy provided in part:

"All premiums under this policy are payable in advance * * * only in exchange for the Company's receipt therefor signed by the president or secretary and countersigned by such agent. * * *

"Renewal premiums may be paid annually, semi-annually or quarterly in accordance with the rates endorsed hereon, and the insured may change from one to another of such modes of payments on any anniversary of this policy by making writ-

ten request to the Home Office of the Company. * * *

. "Only the president or secretary of the Company has the power in behalf of the Company (and then only in writing) to make or modify this or any other contract of insurance, to waive forfeitures or to extend the time for the payment of any premiums and the Company shall not be bound by any promise or representation heretofore or hereafter by any agent or person other than above.

"The insured may exchange this policy without medical reexamination, at any time while no premium is in default for any form of policy now issued by the Company requiring a higher rate of premium. * * *

"Unless previously surrendered, this policy may be reinstated at any time within five years after any default upon written application of the person to whom this policy was issued, and upon presentation of evidence of his insurability satisfactory at the time of application for reinstatement and the payment of all past due premiums with interest thereon at the rate of six per cent per annum from their respective dates of maturity.

"Premiums on this policy may be paid after the first year, at the option of the insured, on the annual, semi-annual or quarterly basis as follows:

| Annual Rate | Semi-annual | Quarterly |
|---|---|---|
| $27.98 | $14.58 | $7.42." |

The written application for reinstatement in part provides: "I also further agree that said policy shall not be considered reinstated until this application shall be approved by the Company at its home office, subject to the conditions herein set forth and that any payment of premiums made by me in advance or any receipt therefor shall not be binding upon the Company until this application is so approved. If said policy is not reinstated I agree to accept the return of all advance payments made in connection with this application."

The Company wrote the insured by letter dated February 12, 1937, a sales letter calling attention to the lapsed condition of the policy. On the bottom of the letter David A. Gregory wrote the Company as follows: "I have made a deal with Mr. Hanna to take a cheaper policy I can afford. Write him about my reinstatement."

The Company's agent at Corpus Christi, by letter dated February 26, 1937, wrote the Company as follows: "You will find enclosed David A. Gregory's policy, also money order for three dollars. He wants to exchange this policy for a life expectancy policy as he is not able to pay the rate on his old policy. He wants to pay quarterly on the new policy. He will pay the balance of the quarter soon."

■ The contractual obligation existing between the Company and the insured may be determined from the foregoing excerpts from the contract between them. Concededly the policy had lapsed for the nonpayment of premiums due thereon. The right of reinstatement of the policy by the insured existed for a period of five years upon the conditions stated in the policy, viz., upon written application and presentation of his insurability satisfactory to the Company and the payment of all past due premiums with interest thereon. That these conditions were not complied with by the insured appears without dispute. Moreover, the letter from the insured and from the agent to the Company indicates the desire of the insured to procure a cheaper policy. Thus the rights of the parties must be determined from the standpoint of Gregory making an application to the Company for another policy of insurance and not a reinstatement of the lapsed policy. This is true because the only right of exchange privilege existing under the terms of the lapsed policy was for a higher rate policy, and then at a time when the insured was not in default in the payment of premiums, which is not the case here.

■ There could be no legal duty upon the Insurance Company to accept the application for reinstatement of the lapsed policy until the applicant had fully complied with his contractual obligations under the policy, one of which was the payment of all premiums due, together with six per cent interest. In the absence of a showing that the insured had complied with his obligations necessary to reinstate the lapsed policy it cannot be said that the Company was obligated to reinstate it.

In 62 C.J. 1094, 1095, it is said: "A refusal to contract may constitute a tort when the law imposes a duty so to do, otherwise a refusal to contract is not a tort."

■ And as said in the case of American Life Ins. Co. v. Nabors, 124 Tex. 221,

76 S.W.2d 497, 498: "Where the law imposes no duty to contract, there can be no such thing as negligence [of a party] in the matter of delay in accepting or rejecting an offer so to do."

We shall now refer to the second contention of the appellee, viz., that the Company through its agent accepted the application for reinstatement and thereby voluntarily undertook the duty of aiding the insured to reinstate the policy, and the negligent delay in such undertaking proximately caused her loss, for which she is entitled to recover from the Company.

■ The insured is bound by the provisions of his policy whether he has read the same or not. 24 Tex.Jur. p. 689. The policy plainly showed the amount of premium necessary for a reinstatement of it. The limited authority of the agent was clearly disclosed by the policy.

"An agent whose powers are limited to receiving and forwarding applications for insurance cannot make a contract binding on the company." Bankers Lloyds v. Montgomery, Tex.Com.App., 60 S.W.2d 201, 202.

■ In the case of Texas State Mutual Fire Ins. Co. v. Richbourg, Tex.Com.App., 257 S.W. 1089, 1090, the rule is thus stated: "The rule seems to be well settled in this state to the effect that, when the limitation is expressed in the application or in the policy in such way that the insured is charged with knowledge thereof, the company will not be estopped by the wrongful acts of the agent."

■ Therefore, under the foregoing rules of law, "any acts performed or omitted to be performed by the agent which caused David A. Gregory to fail to pay correct amount of premium due under the policy in order to reinstate the same" must be held to be wrongful because contrary to the policy. The Company cannot be held liable for such wrongful and unauthorized acts. Neither can it be said that the holding of the application for reinstatement, together with the sum of $3, at the Home Office, from the 27th day of February, 1937, until the death of David A. Gregory, on the 6th day of March, 1937, constituted an act of negligence for which the Company became liable to the appellee.

■ If it can be said that the acts of the Company in holding the application and money had the legal effect of adopting the acts and omissions of its agent, the liability resulting therefrom would be upon the policy of insurance and not upon its negligence in failing to act upon the application. Nabors Case, supra.

■ We are of the opinion that the judgment rendered by the trial court is erroneous and must be reversed. The facts were well developed in the trial court and we are of the opinion that appellee upon another trial cannot under the facts and established rules of law make a case in which she would be entitled to a recovery. Accordingly the judgment will be here rendered that appellee take nothing and pay the costs.