**J. W. BOSWELL, Appellant,**

v.

**CITY OF SWEETWATER, Appellee.**

No. 3595.

Court of Civil Appeals of Texas.

Eastland.

Nov. 23, 1960.

Rehearing Denied Jan. 13, 1961.

Carl M. Anderson, Clyde Boose, Sweetwater, for appellant.

Beall, Nunn & Griggs, Sweetwater, for appellee.

COLLINGS, Justice.

J. W. Boswell brought suit against the city of Sweetwater for damages. He alleged that he was an employee of the defendant city in its water department, and that while engaged in the course of his employment he sustained accidental injuries; that his injuries were serious and disabling, resulting in his total incapacity for a period greatly in excess of one week, causing him to be in the hospital for more than sixty days. Plaintiff alleged certain acts of negligence on the part of the city proximately causing his injuries and damages. The defendant answering alleging that the plaintiff was guilty of contributory negligence proximately causing his injuries. The case was tried before a jury which found that plaintiff's injuries were proximately caused by defendant's negligence. The jury also found that plaintiff was guilty of contributory negligence proximately causing his injuries and that he had assumed the risk of his job. Based upon the findings of contributory negligence and assumed risk, the court entered judgment for the defendant City of Sweetwater. Plaintiff Boswell has appealed.

The cause is before this court on an agreed statement of facts. It is stipulated that the only question involved in the appeal is whether or not the defenses of contributory negligence and assumed risk were available to appellee City of Sweetwater, or whether the city was precluded from urging same under Article 8309e, Vernon's Ann.Texas Civ.St., because of the admitted failure of the city to either provide workmen's compensation insurance for its employees or to become a self insurer. Appellant contends that such defenses were not available to the city, that the court erred in holding the findings that he was guilty of contributory negligence proximately causing his injuries and that he assumed the risk of his job entitled the city to judgment, and erred in entering judgment for the city.

The original Workmen's Compensation Act of Texas is found in Articles 8306–8309, V.T.C.S. The portion of the original act which we are here principally concerned with is Article 8306, Section 1. The application of Article 8306, Section 1, is not a matter of discretion with any employer affected thereby. Under the provisions of that section of the statute, in suits to recover damages for personal injury sustained by an employee in the course of his employment the defendant is deprived of the common law defenses of contributory negligence, the fellow servant doctrine and the defense of assumed risk. The only option of the employer is to purchase workmen's compensation insurance and be subject to its provisions, or not to purchase such insurance and be subject to a suit for damages. In either event the employer or the insurer as the case may be is stripped of the common law defenses mentioned in Section 1 of Article 8306.

It was held by our Supreme Court that the provisions of the Workmen's Compensation Act were not applicable to cities; that by reason of Article III, Section 52, of our State Constitution, Vernon's Ann.St., municipalities were precluded from carrying workmen's compensation insurance and that the provisions of the Act were not applicable to them. McCaleb v. Continental Casualty Co., 132 Tex. 65, 116 S.W.2d 679; City of Tyler v. Texas Employers Insurance Ass'n, Tex.Com.App., 288 S.W. 409.

In 1952 an amendment to the Constitution of this state was adopted, being Article III, Section 61, which granted the legislature power to enact law as may be necessary to enable all cities, towns and villages of this state to provide for workmen's compensation insurance, including the right to provide its own insurance risk, for all city, town and village employees as in its judgment is necessary.

Following the constitutional amendment in 1952 our legislature in 1953 enacted Article 8309e which provided:

"Sec. 3. Cities, towns and villages are hereby authorized to become either self-insurers or provide insurance under workmen's compensation insurance contracts or policies, extending workmen's compensation benefits to their employees. The provisions of this Act authorizing cities, towns and villages to provide workmen's compensation benefits or to take out workmen's compensation insurance is permissive only and the provision hereof with respect to either self-insurance or insurance under a policy of insurance is not mandatory."

Article 8309e, V.T.C.S., is a separate workmen's compensation act applicable to municipalities. Article 8309e, in Section 6, adopts limited portions of the original act and specified amendments thereto "in so far as applicable under the provisions of this Law". The quoted language clearly indicates that the adoption of specific provisions of the original act did not modify specific provisions of Article 8309e. It should be noted that the power granted to the legislature by the constitutional amendment concerning this subject contemplated that the provisions of legislation authorizing municipalities to provide workmen's compensation benefits should be permissive only. In compliance with the power granted the legislature enacted Article 8309e authorizing and permitting municipalities to avail themselves and their employees of the benefits of workmen's compensation insurance, but specifically provided in Section 3 that it was not mandatory for them to do so. It would be inconsistent with the permissive provisions of both Article III, Section 61, of the Constitution and of Section 3 of Article 8309e to hold that the failure of municipalities to participate in workmen's compensation insurance or in self-insurance for the benefit of its employees would destroy their common law defenses.

Section I of Article 8306 was one of the provisions adopted by Section 6 of Article 8309e "in so far as applicable". Section 1 relieves employees from the burden of the common law defenses of contributory negligence and assumed risk, etc., in actions against compensation insurance carriers or against employers subject to the original workmen's compensation act. Appellant contends that because Section 1 was adopted as a part of Article 8309e it is only necessary for an injured employee of a municipality to show that the city is subject to that act, that it has failed to provide workmen's compensation insurance for its employees and is guilty of negligence proximately causing his injury; that in such a case the city cannot urge its common law defenses. We cannot agree with this contention. Section 1 of Article 8306 is "applicable" under the provisions of 8309e in cases where the city has elected to avail itself of the benefits of workmen's compensation insurance and the employee has brought suit against the insurance carrier. By the applicable terms of Section 1, the insurance carrier is denied the right of urging the named common law defenses. The section is not applicable when the suit is for damages against a municipality which has elected not to carry workmen's compensation insurance. On the contrary, it would be inconsistent with Section 6 of Article 8309e to hold in such a case that the common law defenses of municipalities are abrogated.

Section 6 of Article 8309e, while adopting certain portions of Article 8306 "in so far as applicable" refrained from adopting Section 4 of that article. Section 4 sets out the rights of employees whose employers are not subscribers to that act. It is provided by that section that such an employee is entitled to bring suit against and recover damages from an employer to whom that act applies. There is a further provision for the abolition of the common law defenses of contributory negligence and assumed risk by reference to Section 1 of the act. The fact that Section 4 of Article 8306

was not adopted as a part of Article 8309e shows clearly that the legislature did not intend that municipalities who elected not to become a self-insurer or subscriber under that act should be deprived of their common law defenses.

The judgment of the trial court is affirmed.