William S. DUGAN, Individually and as Administrator of the Estate of Iris Patience Miller Dugan, Deceased, Appellant,

v.

GENERAL ACCIDENT FIRE & LIFE ASSURANCE CORPORATION, Ltd., Appellee.

No. 27.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Nov. 15, 1967.

Rehearing Denied Dec. 13, 1967.

Ted Allmond, R. Richard Thornton, Galveston, for appellant.

Preston Shirley, Mills, Shirley, McMicken & Eckel, Galveston, for appellee.

BARRON, Justice.

This is a suit on a garage liability insurance policy. W. S. Dugan, individually and as administrator of the estate of his deceased wife, Iris Patience Miller Dugan, filed suit against General Accident Fire & Life Assurance Corporation, Ltd., for automobile medical payments claimed by him which, he alleged, should have been included in the policy when it was issued and which provision was omitted from the policy at the time of issuance. The plaintiff, Dugan, is appellant in this court.

Dugan operated a large service station and its associated activities for a number of years prior to 1963, and had employed one, Rogers, to handle all types of insurance for him, but in 1963, he switched over to Leonard O. Boyle, an experienced insurance man. From 1963 forward, Boyle was the agent of Dugan in connection with the securing and handling of all types of insurance policies. It is conceded that Boyle was never an agent of the defendant company. At all times material to this suit, Edward Golden, Jr. operated an agency in Texas City and solicited business for various insurance companies including the defendant. Golden had no authority to pass upon risks and issue policies, but he did have authority to forward applications for insurance to the Houston office of defendant company, who actually passed upon the risk and returned the policy for signature of Golden and delivery to the insured, if the policy was written and issued by the company.

On March 6, 1964, Dugan, acting through his agent, Boyle, submitted an application for insurance to defendant through Golden. On the face of the application, among other items, request was made for $5,000.00 maximum medical pay for each occupant of a vehicle operated by the insured, as the result of injuries sustained in an accident. This application was received from Boyle by Golden, who, in turn, forwarded it to the defendant company at Houston. On March 20, 1964, defendant issued its policy AG48810 which had no medical pay provisions in it. The policy was forwarded to Golden by defendant, and Golden, within a few days thereafter, forwarded the policy to Dugan's agent, Boyle, who in turn forwarded it to Dugan. Dugan received the policy about April 15, 1964. He put the instrument away and did not read it. No premium was charged by defendant for medical payments, and no representations were made by Golden or any agent of defendant company as to the contents of the policy to either Boyle or Dugan. The plaintiff, Dugan, assumed at all material times that he and the occupants of his vehicle were covered with medical payments under the policy.

On August 26, 1964, near Lordsburg, New Mexico, Dugan, while driving one of his cars to California, had an accident in which his wife and daughter were fatally injured and his two other daughters sustained bodily injury. He sues the insurance company for $6,500.00 for medical payments under the policy, together with attorney's fees, penalty and interest.

Trial was to a jury. At the conclusion of plaintiff's testimony the defendant made a motion to withdraw the case from the jury. The plaintiff *joined* in the motion, and the trial court dismissed the jury. Recitation was made in the judgment confirming this action by the trial court. After the trial court had rendered judgment for defendant, the plaintiff requested the trial court to make its findings of fact and conclusions of law. The trial court responded and filed such findings and con-

clusions. Plaintiff made no objection to any of the actions of the trial court. We are confronted with what amounts to a non-jury trial in which the trial court had exclusive power and authority to make findings upon disputed facts from the evidence as presented. Findings of fact by the jury were effectively waived. 35 Tex. Jur.2d, p. 70, Sec. 33.

Finding of fact number 7 by the trial court is as follows:

"No authorized agent of defendant, nor the defendant, made any agreement with plaintiff or Boyle to issue a policy containing medical pay provisions and no mutual mistake has occurred."

The trial court concluded from said findings of fact, supported by other findings, that there was no mutual mistake authorizing reformation of policy AG48810.

█ Mutual mistake warranting the reformation of a written contract is seldom established as a matter of law. In this case there is an abundance of evidence showing lack of authority by Golden to bind the defendant company. There is further evidence from which the trial court could conclude that there was no mutual mistake. It is well settled that a mere soliciting agent cannot bind an insurance company, especially when his powers are limited to receiving and forwarding applications for insurance. Under the evidence, the trial court was empowered to make findings that the agent's authority was so limited and that there was no mutual mistake. American Nat. Ins. Co. v. Huey, 66 S.W.2d 690 (Tex.Com.App.); St. Paul Fire & Marine Ins. Co. v. Culwell, 62 S.W.2d 100 (Tex. Com.App.); Bankers Lloyds v. Montgomery, 60 S.W.2d 201 (Tex.Com.App.); Texas Life Ins. Co. v. Shuford, 131 S.W.2d 118 (Tex.Civ.App.), no writ. It was not shown that Golden was a local recording agent with power to pass upon risks, bind the company and make contracts for it. See and compare New York Fire Ins. Co. v. Reed, 138 S.W.2d 138 (Tex.Civ.App.), writ ref.; Shaller v. Commercial Standard

Ins. Co., 158 Tex. 143, 309 S.W.2d 59; Article 21.09 and Article 21.14(2), Insurance Code, V.A.C.S.

■ Moreover, it must be kept in mind that plaintiff was at all times represented by an experienced insurance agent, Boyle. When Golden delivered the policy to Boyle, with the medical pay provision omitted, Boyle did not read the policy and made no effort to determine its correctness or to determine whether the policy was written as desired by plaintiff. Under these circumstances, Dugan is bound by the omissions and negligence of Boyle. Continental Cas. Co. v. Bock, 340 S.W.2d 527, 532 (Tex.Civ.App.), writ ref., n. r. e.; Burroughs v. Bunch, 210 S.W.2d 211 (Tex. Civ.App.), writ ref., and cases cited. Boyle was plaintiff's agent and was not the agent of defendant insurance company. The trial court correctly concluded that Boyle was negligent in failing to advise Dugan and to check the policy, and that plaintiff was bound by such agent's negligence. In Fireman's Fund Indem. Co. v. Boyle General Tire Co., 392 S.W.2d 352 (Tex.Sup.), the Supreme Court held that the fact that an insured accepts a policy without noticing a mistake therein would not preclude the insured from having the mistake corrected by reformation, adopting the majority view. See 4 Appleman, Insurance Law and Practice, 858, Sec. 2913 (1941). But we believe that such a rule does not apply where an insured has employed an experienced agent to represent his interests in matters of insurance protection. See Continental Cas. Co. v. Bock, supra. Nor do we interpret the Fireman's Fund decision as holding that the presumption that an insured knows the contents of his policy is, as a matter of law, overcome by testimony of the insured that he was ignorant of the policy contents when it was accepted. The trial court here found that Boyle's negligence was imputed to Dugan. We believe the evidence is sufficient to sustain such finding, and that it is effective to preclude recovery by plaintiff under the policy.

■ In this case no agreement as to medical payments between the plaintiff and the defendant was shown. There was no material agreement between Golden and plaintiff's agent, Boyle. Golden merely forwarded the application for insurance to the company and the company wrote and issued a policy which excluded the medical pay provision. So far as this record is concerned, the insurance company wrote the policy it intended to write. The law requires that the alleged mistake must have occurred through the reduction of the understanding and agreed intent of the parties to writing, so that the written instrument does not represent their real agreement. We are bound to conclude, with the trial court, that there is no evidence of a prior agreement to support a reformation of the policy to include provisions that are not contained therein. Waco Tap R. R. Co. v. Shirley, 45 Tex. 355 (Tex.Sup.); Continental Cas. Co. v. Bock, supra.

If the agent's authority to bind the company had been shown, the trial court's findings might have been different. But we are bound by the trial court's findings of fact, which we hold are supported by the evidence.

Plaintiff's three points of error are that the trial court erred in rendering judgment that appellant take nothing; that the trial court erred in granting appellee's motion for instructed verdict, and that error was committed by the trial court in holding that appellant and his agent were guilty of contributory negligence in not reading the policy of insurance. In the first place, there was no instructed verdict in this case. The first two points of error above are wholly insufficient, but we have discussed them and other points not specifically raised by plaintiff. See Bell v. Currie, 404 S.W.2d 321 (Tex.Civ.App.), no writ; McWilliams v. Muse, 157 Tex. 109, 300 S.W.2d 643. We have been able to determine the complaints being made by plaintiff by considering the entire brief. Plaintiff's points of error are each overruled.

The judgment of the trial court is affirmed.