Gail GRAY et al., Appellants,

v.

The CITY OF ORANGE, Appellee.

No. 8454.

Court of Civil Appeals of Texas, Beaumont.

May 15, 1980.

Rehearing Denied May 29, 1980.

Louis Dugas, Jr., Orange, for appellants.

John G. Tucker, Beaumont, for appellee.

CLAYTON, Justice.

Appellants, plaintiffs below, filed this suit for damages against appellee, the City of Orange, arising from the death of Danny Lee Gray. The trial court granted the city's motion for summary judgment from which appellants appeal.

The summary judgment proof consists of the pleadings and stipulation of the parties. It is established by such proof that on June 28, 1974, Danny Lee Gray, while employed as a city policeman, was killed while acting in the course and scope of his employment for the city; that at the time of the incident made the basis of this suit, the city was not carrying worker's compensation insurance nor had it qualified as or became a self-insurer, pursuant to *Tex.Rev.Civ.Stat. Ann. art. 8309e–2* (Vernon Supp.1974); Acts 1969, 61st Leg.—2nd called Session, ch. 22, pg. 143.

Appellants sought recovery against the city upon grounds that on June 28, 1974, Danny Lee Gray was employed as a Captain by the Police Department of the City of Orange and that, while working in the course and scope of his employment, he sustained fatal injuries. Various acts of negligence were alleged against the city, all of which concerned the design and operation of the police station, which appellants obviously concede to be a governmental function of the city. The basis upon which appellants sought recovery is stated in their amended petition as follows:

"This suit is brought pursuant to Article 8309(e)(2) [8309e–2] R.C.S. of Texas which provided that municipalities such as the City of Orange could by enacting an ordinance or resolution adopt the provisions of said 8309(e)(2) [8309e–2] R.C.S. of Texas and carry workmen's compensation insurance or could become a self-insurer. The City of Orange failed to enact either an ordinance or a resolution and therefore this suit is brought as a result of the failure of the City of Orange to act."

Appellee answered that the matters alleged in "plaintiffs' petition . . . all arise out of and are connected with the exercise of police power of the City of Orange [which is a governmental function], for which defendant is not in law responsible."

■ Appellants have no cause of action for damages against the city based upon the fact that the city did not carry worker's compensation insurance for its employees nor had become a self-insurer pursuant to the provisions of *Tex.Rev.Civ.Stat.Ann. art. 8309e–2* (Vernon Supp.1974). Under this statute the city was under no duty to provide such insurance or to become a self-insurer. In *Section 3* of such *article 8309e–2*, it is specifically stated that the provisions of the Act authorizing cities to provide compensation insurance or become self-insurers are *permissive only*, emphasized by the further statement that such provisions with respect to insurance are "not mandatory." This statute created no duty on the part of the city to provide compensation insurance for its employees. See *City of Dallas v. Brown*, 475 S.W.2d 833 (Tex.Civ.App.—Dallas 1971, writ ref'd n. r. e.); *Boswell v. City of Sweetwater*, 341 S.W.2d 664 (Tex.Civ. App.—Eastland 1960, writ ref'd n. r. e.).

■ The city, being under no legal duty to provide compensation insurance or to become a self-insurer pursuant to *article 8309e–2* [which was later repealed by Acts 1973, 63rd Leg., pg. 187, ch. 88, § 18 (at 200), now *Tex.Rev.Civ.Stat.Ann. art. 8309h* (Vernon Supp.1980)], cannot be held liable for its failure to do so. The purpose of such a rule is to avoid a judicial review that would question the wisdom of a city's exercise of its discretion in making policy decisions, to promote the effective, unfettered performance of officials in making policy decisions, and to maintain the separation of powers between the executive, legislative, and judicial branches of government. *State v. Terrell*, 588 S.W.2d 784 (Tex.1979); Greenhill and Murto, "Governmental Immunity," 49 Tex.L.Rev. 462, 472 (1971).

■ Moreover, a refusal to contract may constitute a tort when the law imposes a duty to do so; otherwise, a refusal to contract is not a tort. See *American Life Insurance Co. v. Nabors*, 124 Tex. 221, 76 S.W.2d 497 (1934); *Texas Life Insurance Co. v. Shuford*, 131 S.W.2d 118 (Tex.Civ. App.—San Antonio 1939, no writ); *Ellis v. City of West University Place*, 141 Tex. 608, 175 S.W.2d 396 (1943); *City of Waco v. Darnell*, 35 S.W.2d 134 (Tex.Com.App.1931, holding approved).

Appellants, in their brief, seem to argue that governmental immunity has been waived by the provisions of *article 8309e–2.* We find nothing in this statute indicating that such defense has been waived. Common law governmental immunity arising out of the exercise of the police powers of a municipality can only be abolished by a specific act of the Legislature, and there is no provision in *article 8309e–2* which does so. See *City of Galveston v. Posnainsky,* 62 Tex. 118 (1884); *Lowe v. Texas Tech University,* 540 S.W.2d 297 (Tex.1976). Governmental immunity has been abolished, with specific and limited exceptions, in the Texas Tort Claims Act, *Tex.Rev.Civ.Stat.Ann. art. 6252–19* (Vernon 1970). An action against a municipality for a tort committed while acting in its governmental capacity must be brought under the Texas Tort Claims Act. *City of Houston v. Turvey,* 593 S.W.2d 766 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ pending); *City of Houston v. Deshotel,* 585 S.W.2d 846 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ). Appellants have carefully refrained from bringing this suit under the Texas Tort Claims Act, and admitted in oral argument that the case is not brought pursuant to such Act.

Appellants next argue that *article 8309e–2* was not in effect on the date of the death of Danny Lee Gray, even though they brought this suit pursuant to such statute. They now argue *article 8309h* repealed *article 8309e–2,* and *article 8309h* makes mandatory worker's compensation to be provided for the city's employees.

Article 8309h was enacted by the Legislature and became effective May 15, 1973. This Act specifically provides that the provisions which repeal *article 8309e–2* do not become effective until July 1, 1974 (three days after the death of Danny Lee Gray). Even though appellants' argument is without merit, we do not deem it necessary to consider it because appellants continue to insist their cause of action is brought pursuant to *article 8309e–2.* They are restricted to the grounds for recovery asserted in their pleadings and presented to the trial court. *Texas State Bank of Austin v. Sharp,* 506 S.W.2d 761 (Tex.Civ.App.—Austin 1974, writ ref'd n. r. e.). Moreover, this matter was not expressly presented to the trial court by written motion, answer, or other response, and cannot be considered on appeal as grounds for reversal. *Tex.R. Civ.P. 166–A; City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979).

Finding no error, the judgment of the trial court is affirmed.

AFFIRMED.