The CITY OF HEARNE,
Texas, Appellant,

v.

Wendell WILLIAMS, Appellee.

No. 10–85–269–CV.

Court of Appeals of Texas,
Waco.

June 19, 1986.

Rehearing Denied July 17, 1986.

M. Charles Gandy, M. Charles Gandy, P.C., Bryan, for appellant.

John C. Paschall, Spence and Paschall, Hearne, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant City of Hearne from a $33,485.15 judgment rendered against it in a negligence case.

Plaintiff Williams sued defendant City alleging plaintiff and defendant entered into an agreement whereby plaintiff paid defendant a fee for defendant to park, tie down and store plaintiff's airplane at defendant's municipal airport; that defendant's employees failed to provide proper tie ropes to tie down plaintiff's airplane; that such was negligence and a proximate cause of damage to plaintiff's airplane when a wind blew it over. Plaintiff further alleged the facts constituted a taking of plaintiff's property without due process of law or compensation in violation of the fifth and fourteenth amendments to the United States Constitution. Plaintiff further alleged that defendant waived its defense of governmental immunity and that he was entitled to damages under the Texas Tort Claims Act, article 6252–19, VATS.

Defendant answered it was not liable to plaintiff in the capacity in which it was sued in that it had governmental immunity in the operation of the Hearne Municipal Airport and that such immunity had not been waived.

Trial was to a jury which found:

1) Defendant City acting through its employees was negligent in failing to provide proper rope or tie-down facilities.

2) That such negligence was a proximate cause of damage to plaintiff's plane.

3) That the value of plaintiff's plane before the occasion in question was $16,000.00.

4) That the value of plaintiff's plane after the occasion in question was $1,000.00.

4a) That $14,000.00 will reasonably compensate plaintiff for loss of earnings resulting from the occurrence.

5) That plaintiff was not negligent.

The trial court rendered judgment on the verdict for plaintiff against defendant for $29,000.00 plus prejudgment interest of $4,485.15 for a total of $33,485.15.

Defendant City appeals.

Points 1, 2 and 3 assert the trial court erred in rendering judgment for plaintiff because the pleadings and evidence show as a matter of law the acts of defendant were protected from liability by the doctrine of governmental immunity; and as a matter of law there was no waiver of the Texas Tort Claims Act.

The evidence shows defendant City of Hearne is a municipal corporation operating under the Home Rule Amendment and Charter; that the City owned an airport and operated it pursuant to article 46d–1, et seq., VATS. Article 46d–15 expressly provides that the ownership and operation of a municipal airport by a city " * * * are hereby declared to be public and governmental functions, exercised for a public purpose * * * ".

And our Supreme Court in *City of Corsicana v. Wren*, 159 Tex. 202, 317 S.W.2d 516, held such statute valid and affirmed that the operation by a city of a municipal airport is a governmental function. To the same effect is *Flippin v. City of Beaumont*, CCA (Beaumont) NWH, 525 S.W.2d 285.

Plaintiff asserts that the City of Hearne charter provision waives the defense of governmental immunity to wit:

The City of Hearne shall never be liable for any personal injury, injury to personal property or real property, or a damage action unless the person injured * * shall give written notice to the [City] within 30 days after such injury * * unless the City Manager shall have personal knowledge of the injury or damage * * *.

Governmental immunity can be waived or abolished only by a specific act of the Legislature. *Lowe v. Texas Tech University*, S.Ct., 540 S.W.2d 297, 299; *Gray v. City of Orange*, CCA (Beaumont) NRE, 601 S.W.2d 100, 101.

Moreover, under the Texas Tort Claims Act (article 6252–19), liability of a unit of government is limited to personal injuries or death of a person; and to property only when caused by the negligent acts of a governmental unit's employees in the operation of a motor vehicle. *De Anda v. County of El Paso*, CCA (El Paso) NWH, 581 S.W.2d 795.

Points 1, 2 and 3 are sustained.

Point 4 asserts the trial court erred in rendering judgment for plaintiff because as a matter of law there was no taking under the fifth and fourteenth amendments of the United States Constitution or article 1, section 17 of the Texas Constitution.

The undisputed evidence and pleadings show that all the damage suffered by plaintiff to his property was caused by ropes that broke because of wind, causing the airplane to flip over and be damaged. There is no evidence nor contention that the destruction was intentional or for a public purpose.

In such a situation there was no taking under the United States or Texas Constitutions. *Dallas County Flood Control Dist. v. Benson*, 157 Tex. 617, 306 S.W.2d 350; *Texas Highway Dept. v. Weber*, 147 Tex. 628, 219 S.W.2d 70; *Steel v. City of Houston*, S.Ct., 603 S.W.2d 786.

Defendant asserts by counterpoint that the Texas Tort Claims Act (article 6252–19) is unconstitutional as it discriminates against persons whose property is damaged by acts of negligence of employees of governmental entities in that it waives governmental immunity only when the property damage is caused by negligence involving motor vehicles.

At common law governmental immunity from tort was absolute. Article 6252–19 merely set aside governmental immunity in limited areas and up to a limited dollar amount. The Legislature acted within its constitutional authority in providing for limited waiver of immunity in this article. *Harris County Flood Control Dist. v. Mihelich*, S.Ct., 525 S.W.2d 506.

The counterpoint is overruled.

Point 5 is not reached under our view of the case.

The judgment is reversed and judgment here rendered that plaintiff take nothing.

REVERSED & RENDERED.