SIDES v. KNOX et al.   (No. 1932.)

(Court of Civil Appeals of Texas. Texarkana. March 13, 1918. Rehearing Denied March 21, 1918.)

1. BILLS AND NOTES ⟷134—CONTRACT FOR PAYMENT—VALIDITY.

An agreement that certain notes were to be paid only from damages recovered by the maker from his vendor of premises, and if the court should hold the maker not entitled to damages the notes should be canceled and surrendered to the maker without payment, *held* valid.

2. BILLS AND NOTES ⟷516—ACTIONS—EVIDENCE—SUFFICIENCY.

Where a payee sued on notes and contract with the maker that the notes should be paid only out of a special fund to be recovered by the maker as a set-off against his vendor's mortgage, evidence that the claim was disallowed, and that through error the maker did not pay the full amount of the mortgage and costs upon foreclosure, is insufficient to entitle plaintiffs to recover.

Appeal from District Court, Van Zandt County; R. M. Smith, Judge.

Action by H. A. Knox and another against L. A. Sides. Judgment for plaintiffs, and defendant appeals. Reversed, and judgment entered for defendant.

On April 30, 1912, the appellant executed a note for $750 to H. A. Knox and a note for $500 to Henry Ward. Each note was due on or before January 1, 1915, and was "without interest." Each note recited:

"This note is given for value received, but it is not negotiable without the written consent of L. H. Sides, the maker, indorsed on the back of said note."

At the same time of the execution of the notes the maker of the notes and each payee therein executed a written agreement, setting forth the circumstances inducing and the consideration for the execution thereof, and containing the following stipulation:

"We, the said Henry Ward and H. A. Knox, recognizing and agreeing that the said L. H. Sides has a just and valid cause of action against J. V. Wiggins, which amounts to more than the notes above described, therefore by these presents agree to accept in settlement in full of the above-described notes an amount sufficient to discharge them out of the damages sustained by L. H. Sides for the reasons assigned above against J. V. Wiggins; the said L. H. Sides agreeing to pay said notes out of said money. But it is further understood, in the event the court should hold that the said L. H. Sides is not entitled to recover any amount of damage or money or offset on the note owed J. V. Wiggins by him, then the said Henry Ward and H. A. Knox agree to deliver said notes to L. H. Sides and cancel all demand by reason thereof against him. The said L. H. Sides agrees not to pay over to the said J. V. Wiggins any part of the purchase money due on said land until the court should adjudge that he shall pay the same. It is further agreed that, if either party shall act in bad faith or breach this contract, it shall be void."

It appears that J. V. Wiggins conveyed to L. H. Sides a tract of land, retaining a vendor's lien to secure payment of a part of the purchase money, amounting to $5,000. The purchase-money note of $5,000 was due February 15, 1912, and bears 10 per cent. interest per annum from maturity, and provides that all past-due interest shall bear 10 per cent. interest, and, if collected by suit, 10 per cent. of the principal and interest due shall be paid as attorney's fees. H. A. Knox and Henry Ward were tenants on the place at the time of the sale to L. H. Sides, and they claimed to have rented it for the year 1912. L. H. Sides claimed that J. V. Wiggins agreed to give him possession of the place on January 1, 1912. L. H. Sides sued for possession of the land, but judgment was rendered for the tenants, Knox and Ward. J. V. Wiggins afterwards brought suit against L. H. Sides on the vendor's lien note; and L. H. Sides, as testified by his attorney, "filed the defenses as set out in said contract to said suit by Wiggins, and we urged them before the court; but the court held that they were not proper defenses to said suit on the $5,000 note, and we abandoned our defense when the court so held. Mr. Sides then made settlement of the note." L. H. Sides paid to J. V. Wiggins in settlement of the note $6,549.96, which was in fact $603.34 less than the principal, interest, and attorney's fees due on the note at the date of settlement. The witness Cox, acting for Sides, testified:

"I made the settlement with Mr. Wiggins in person, after the court overruled the defenses to the note. I do not now remember the exact amount of the note, but know that we figured it and intended to pay the full amount of the note, including compound interest. We paid [giving the amounts]. If the amount thus figured and paid was not the entire amount that

the notes came to, with compound interest, then it was a mistake, as we intended to pay that much."

Henry Ward and H. A. Knox brought suit on the notes and contract, alleging that L. H. Sides, in the suit brought by J. V. Wiggins against him on the vendor's lien note, recovered an offset against the vendor's lien note of more than $1,250. The defendant answered by denial, and specially that he made claim for damages and offset in the suit of J. V. Wiggins against him, but that the court denied the claim. The court peremptorily instructed a verdict for the plaintiffs for $603.34.

Stanford, Sanders & Stanford, of Canton, for appellant. C. L. Hubbard, of Grand Saline, Walter Jones, of Mineola, and Jones & Jones, of Kerrville, for appellees.

LEVY, J. (after stating the facts as above). [1, 2] It is believed, as insisted by appellant, that the evidence does not warrant the judgment in favor of the appellees. Contemporaneous with the execution of the nonnegotiable notes in evidence was a written agreement of the parties having the effect to make the payment of the note out of a special fund on a specified contingency, and not otherwise. The agreement of the parties to make the payment of the note subservient to the limitations and restrictions of such agreement is valid. Rogers v. Broadnax, 24 Tex. 538; National Bank v. Smith, 22 S. W. 1056. The payee was to accept and the maker to make payment of the notes "out of the damages" that might be recovered by L. H. Sides in his certain claim for damages founded on an alleged breach of agreement on the part of J. V. Wiggins to place L. H. Sides in possession of the land on January 1, 1912. But, as further stipulated, "in the event the court should hold that the said L. H. Sides is not entitled to recover any damage or money or offset on the note owed J. V. Wiggins by him," then the notes were not to be paid at all, but were to be canceled and surrendered to the maker; and it is believed that the evidence does not support the plaintiffs' allegation in the petition, in order to support the action, that L. H. Sides recovered and was allowed an offset against the vendor's lien in the suit on said notes by J. V. Wiggins. According to the evidence of the attorney representing Sides:

"L. H. Sides filed the defenses as set out in the contract to said suit by J. V. Wiggins, and they were urged before the court, but the court held they were not proper defenses to said suit on the $5,000 note, and such defenses were abandoned when the court so held. Mr. Sides then made settlement of the note."

And in the "settlement of the note" referred to it appears that the appellant paid $603.34 less than the principal, interest, and attorney's fees due under the terms of the vendor's lien note at the date of settlement.

But this underpayment may not, in the evidence, be said to be, within the meaning of the contract, "a recovery by L. H. Sides" of that sum as "damage or money or offset on the note owed J. V. Wiggins by him." For, as clearly shown by the witness Cox, the underpayment of the $603.34 by L. H. Sides to J. V. Wiggins was inadvertent, and a mistake due solely to erroneous calculation by the parties of the amount then due on the note being settled. The witness Cox testified that:

"We figured and intended to pay the full amount of the note. * * * If the entire amount thus figured and paid was not the entire amount that the note came to, with compound interest, then it was a mistake, as we intended to pay that much."

Thus it is evident that, if the mistake in calculation had not occurred, the underpayment of the amount due would not have been made; and L. H. Sides would not have the right, in view of the mutual mistake, to retain the amount of underpayment, for J. V. Wiggins has, under such proof, ground for relief to recover such unpaid amount. Hummel v. Flores, 39 S. W. 309; Emerson v. Navarro, 31 Tex. 335, 98 Am. Dec. 534; Alston v. Richardson, 51 Tex. 1. And such evidence so far fails to show an "agreed reduction" of $603.34 from the vendor's lien note, so that it may not properly be said as a fact that L. H. Sides has received "damage or money or offset," within the meaning of the contract, on the vendor's lien note.

As the plaintiffs in the petition predicate a recovery upon the terms of the contract, and upon no other ground, a recovery, in the evidence, may not be allowed them. The judgment is reversed, and judgment is here entered for the appellant, with costs of the trial court and of this appeal.