**Herman M. HUTSON et ux., Appellants,**

v.

**H. E. LACEY, Appellee.**

**No. 240.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

April 23, 1969.

William D. Winston, Lufkin, for appellants.

J. T. Maroney, Jr., Musslewhite, Maroney & Cely, Lufkin, for appellee.

SAM D. JOHNSON, Justice.

This suit was brought by Herman M. Hutson and wife, appellants, to rescind and cancel a certain written lease agreement. The lease agreement was with the defendant, H. E. Lacey, who is the appellee here.

Plaintiffs were the record owners of certain real property located in Trinity County, Texas, which they leased by a contract in writing to the defendant. Plaintiffs' suit sought to set aside such lease because of certain fraudulent representations which were allegedly made by the defendant with the further assertion that there was a failure of consideration sufficient for the rescission and cancellation of said lease.

The cause was tried to a jury. The grounds asserted by plaintiffs were submitted to the jury by special issues. All of the special issues were answered favorably to the defendant. The jury specifically found that the consideration recited in the lease was paid by the defendant. Judgment was entered on the jury's verdict and appellants bring this appeal.

Failure of consideration is asserted in each of plaintiffs' points of error. The language in each instance is to the effect that the evidence was "undisputed," was "uncontroverted," "conclusively shows," or "conclusively established" failure of consideration. The only complaint of the plaintiffs' points of error, therefore, is directed to the answer made by the jury in special issue number seven wherein the jury found that the defendant had paid $3,000 as consideration. Plaintiffs do not assert that the answer of the jury was supported by insufficient evidence or was against the great weight and preponderance of the evidence.

The lease contract covering the property in issue was executed on May 9, 1962. The consideration expressed therein was $3,000. On this same date the defendant made a $3,000 loan to the plaintiffs to enable them to complete the building of a filling station on this same property. Simultaneously, the plaintiffs executed a note for $3,000 payable to the defendant, together with a Mechanic's and Materialman's Lien and Deed of Trust Lien on said property to secure the payment of such note. The $3,000 note executed by the plaintiff was subsequently repaid by the plaintiff to the defendant.

Almost five years after the date of the lease plaintiffs advised the defendant that they desired to terminate the lease and demanded possession of the property.

It is defendant's position that the consideration stated in the lease is ambiguous and does not reflect the intention of the parties. Defendant contends that the lease's provision for payment of the $3,000 consideration, though seemingly specific, is ambiguous, and that surrounding circumstances and other instruments simultaneously executed must be considered to obtain the true intention of the parties. That intention, contends the defendant, is that the making of the loan by the defendant to the plaintiff was the true consideration for the lease. Defendant contends that this was understood, bargained for and agreed upon by the parties. It is apparent that the jury believed the defendant's contention.

The pleadings on which the defendant, and incidentally the plaintiffs as well, went to trial contained no allegation of ambiguity. The statement of facts from the trial court, however, strongly indicates that both parties there not only claimed ambiguity but sought to clarify it.

The defendant, who here relies upon ambiguity, testified without objection that the true consideration for the lease was the making of the $3,000 loan and that there was a general agreement between the parties concerning the single consideration for the various instruments. Likewise the plaintiff, Herman M. Hutson, testified concerning the understanding of the parties and the agreement into which they had entered. One example is found in the instance when the plaintiff was asked by his own attorney, "Now Mr. Hutson, state what your agreement was with Mr. Lacey and your understanding with him prior to the time that you went to his lawyer's office Parker McVicker?" Answer: "Well, he agreed to loan me $3,000 and I agreed to let him sell his products for five years and I was specific about the five years and that was the extent of it." This statement by the plain-

tiff is tantamount to an assertion that the $3,000 loan was considered to be and in fact was the consideration for the lease agreement.

 This testimony by the plaintiff is by no means singular. Both the plaintiff and the defendant in numerous instances testified without objection as to what the true or actual consideration of the lease was; their understanding, their intent, and their agreement in this respect. It must be concluded, therefore, that the parties considered the lease to have been ambiguous and that this issue was tried by consent of the parties hereto. This being true there is ample evidence supporting the jury's finding of consideration in special issue number seven.

In addition, there was more than one written instrument here simultaneously executed by the parties on the date in question. Under the defendant's theory, which was apparently accepted by the jury, these instruments comprised a single transaction. In Veal v. Thomason, 138 Tex. 341, 159 S.W.2d 472, 475, the Court said, "It is the settled rule in this State, as well as the rule generally, that written contracts executed in different instruments whereby a single transaction or purpose is consummated are to be taken and construed together as one contract." In Board of Ins. Com'rs v. Great Southern Life Ins. Co., 150 Tex. 258, 239 S.W.2d 803, 809, the Supreme Court reaffirmed this rule stating, "It is a generally accepted rule of contracts that 'Where several instruments, executed contemporaneously or at different times, pertain to the same transaction, they will be read together although they do not expressly refer to each other.' * * * The rule is followed by the courts of this state."

 Speaking of this rule the Supreme Court later stated, "This undoubtedly is sound in principle when the several instruments are truly part of the same transaction and together form one entire agreement. It is, however, simply a device for ascertaining and giving effect to the intention of the parties and cannot be applied arbitrarily and without regard to the realities of the situation." Miles v. Martin, 159 Tex. 336, 321 S.W.2d 62, 65. The record here indicates that the reality of the instant situation was that the various instruments were parts of one single transaction between these parties.

There is evidence from which the jury could find as it did in special issue number seven. Appellants' points of error, all of which are directed to such finding, are overruled.

We find no error in the judgment of the trial court and it is affirmed.