**456**

Joanne S. BRIGHT et vir, Appellants,

v.

STATE DEPARTMENT OF PUBLIC WELFARE, Appellee.

No. 11934.

Court of Civil Appeals of Texas, Austin.

May 24, 1972.

Rehearing Denied June 14, 1972.

Flowers & Flowers, John Flowers, Fort Worth, for appellants.

Crawford C. Martin, Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., J. C. Davis and Melvin E. Corley, Asst. Attys. Gen., Austin, for appellee.

SHANNON, Justice.

The appellee, the State Department of Public Welfare, sued appellants, Joanne S. Bright, and husband, Carl Bright, in the district court of Travis County on a promissory note for $6,266.40. Appellee filed a motion for summary judgment, and upon hearing, the motion was granted, and judgment was entered for $5,564.97. We will affirm that judgment.

The appellants complain of error by a single point, "The trial court erred in granting the appellee's motion for summary judgment." Though appellants' point does not comply with Tex.R.Civ.P. Rule 418, as it does not inform this Court of the questions raised and discussed in the

brief, Crutchfield v. Associates Investment Company, 376 S.W.2d 957 (Tex.Civ.App. 1964, writ ref'd), still, we will examine appellants' brief to determine their complaint.

In 1968 Mrs. Bright was employed by appellee as a social worker. In September of 1968 she received from appellee an "educational leave" to attend "The University of Texas School of Social Work to obtain an advanced degree. To enable Mrs. Bright to attend the University, appellee made her a loan totaling $6,266.40 under its "stipend program," and she and her husband signed a note payable to appellee in that sum. The note referred to a "stipend agreement" signed by appellants on the same day as the note. Although a signature line was provided in that agreement for a representative of appellee, no one signed for appellee.

Appellants signed appellee's "stipend agreement" which referred to the note and provided that upon termination of the educational leave, Mrs. Bright would return to appellee's employment and "accept whatever appointment" appellee assigned. That assignment, under the agreement, would consist of work at a classification not lower than that held by her at the time of the agreement. The agreement provided further that Mrs. Bright's promotions would be based on "satisfactory performance, taking into consideration prior social work experience, attendance on the job and capacity to perform the duties of the position, as well as academic qualifications."

The agreement stipulated further that upon the completion of Mrs. Bright's studies, appellants would repay the indebtedness by working for appellee. That indebtedness would be paid by crediting the note each month in an amount equal to a certain percentage of her monthly salary.

Then Mrs. Bright, by returning to appellee's employment, would draw her full salary in addition to retiring the indebtedness.

After completing her studies Mrs. Bright returned to appellee's employment but within a few months resigned, and refused to pay the balance of the indebtedness. Appellee then filed suit to recover on the notes, but did not sue for damages for alleged breach of the "stipend agreement."

Appellants claim that the note and the "stipend agreement" formed one contract, and that they are not required to pay the note for the reason (1) that upon Mrs. Bright's return to appellee's employment she was forced to engage in illegal conduct, i.e., practice law without a license, (2) that appellee had prejudiced fellow employees against her in an attempt to render her continued employment untenable, (3) that appellee refused to permit her to compete for available promotions, (4) that appellee selectively excluded her from participating in the class of work for which she was employed and trained, and (5) that appellee had placed her in a minority group of employees who were excluded from the better jobs. Appellants say that each of the above allegations was a breach of the "stipend agreement" and a defense to the suit on the note, and that each raised questions of fact precluding summary judgment. Appellants claim further that the note and the "stipend agreement" should be construed as one contract,[1] and that proof of breach of the agreement would discharge appellants' liability on the note. We do not agree.

■ Assuming, as argued by appellants, that the note and the "stipend agreement" are to be construed as one instrument, we hold, as a matter of law, that those acts, if proved, are tantamount to a partial breach,

1. Appellants rely on B & B Pharmacy and Drug, Inc. v. Lake Air National Bank, 449 S.W.2d 340 (Tex.Civ.App. 1970, writ dism'd), Peavy-Moore Lumber Co. v. First National Bank, 133 Tex. 467, 128 S.W.2d 1158 (1939), Tackett v. Cunningham, 91 S.W.2d 965 (Tex.Civ. App.1936, no writ), and Sides v. Knox, 203 S.W. 65 (Tex.Civ.App.1918, writ ref'd).

not a total one, and would not discharge appellants' duty to pay the balance of the note. Corbin, Contracts, Vol. 6, § 1253 (1951).

The judgment is affirmed.

Affirmed.