**TEXAS STATE BANK OF AUSTIN,**
Appellant,

v.

**Joe SHARP, a/k/a James J. Sharp,**
Appellee.

**No. 12074.**

Court of Civil Appeals of Texas,
Austin.

March 6, 1974.

Rehearing Denied March 27, 1974.

John Carl Stromberger, San Antonio, for appellant.

Louis Scott Wilkerson, Sneed, Vine, Wilkerson, Selman & Perry, Austin, for appellee.

O'QUINN, Justice.

Texas State Bank, the appellant, was substituted in district court as plaintiff in a suit brought originally by KDI Pace International, Inc., against Joe Sharp, the appellee, on a promissory note in the principal sum of $12,000, and for interest and attorney's fees. The Bank acquired the note through a trustee's sale of real and personal assets of KDI Pace International.

In April of 1969 Joe Sharp entered into negotiations with W. G. Tingley, Jr., to acquire Centex Paceco Distributors, Inc., a distributor of paints in Travis County. The following month, on May 9, Sharp and Tingley agreed in writing: "$12,000 Total Price First $7,085 to be paid out of sales of paint. Remainder personal note due on or before 12 months with renewable clause." Sharp executed a promissory note on May 12 in the principal sum of $12,000, payable to Tingley, bearing interest at eight percent, due on demand or in 360 days.

Shortly after the transaction between Tingley and Sharp, Tingley sold the note to G. L. Pace, president of Pace International, Inc., who then sold the note to the corporation. Thereafter the note was acquired, through a corporate merger, by KDI

Pace International, Inc., the holder at the time this suit was brought in November of 1970.

The trial court filed findings of fact and conclusions of law. The court found that Pace acquired the note with knowledge of the writing between Tingley and Sharp and its terms modifying the note, and that the writing and the note were executed as a part of the same transaction. The court found that Pace was an officer, director, and stockholder of the two corporations which in succession acquired the note after Pace bought from Tingley.

The trial court also found that the note was an integral part of the written agreement and that despite reasonable efforts Sharp was unable to sell the paint from the sale of which the first $7,085 of the note was to be paid. The court concluded that Sharp was not liable on the note and entered judgment that Texas State Bank take nothing.

We will affirm the judgment of the trial court.

Texas State Bank brings eight points of error, under which the principal challenges of the judgment are: (1) that it was error to give effect to the writing which modified the note given subsequently; and (2) that Pace was a holder in due course, and it was error to hold that he took with such knowledge of the writing as to defeat recovery on the note.

■ The trial court found that the writing of May 9, a specific agreement regarding the sale of the distributorship by Tingley to Sharp, was an integral part of the note for $12,000 executed by Sharp on May 12, and that both the writing and the note were executed as part of the same transaction. We find competent evidence in the record to support these findings, and Texas State Bank does not challenge the findings on appeal.

■ It is settled in Texas that where two or more instruments, executed contemporaneously or at different times, pertain to the same transaction, the instruments will be read together even though they do not expressly refer to each other. Board of Insurance Commissioners v. Great Southern Life Insurance Co., 150 Tex. 258, 239 S.W.2d 803, 809 (1951); Byrd & Foster Drilling, Inc. v. Centennial Royalty Company, 477 S.W.2d 319, 321 (Tex.Civ.App. El Paso 1972, no writ); Mann v. Perry, 486 S.W.2d 853 (Tex.Civ.App. Houston 14th 1972, no writ).

■ The rule stated is applicable also to instruments executed in connection with the same transaction when one or more of the instruments are promissory notes. Sides v. Knox, 203 S.W. 65 (Tex.Civ.App. Texarkana 1918, writ ref.); B & B Pharmacy and Drug, Inc. v. Lake Air National Bank, 449 S.W.2d 340, 342 (Tex.Civ.App. Waco 1969, writ dsmd.); Bright v. State Department of Public Welfare, 481 S.W.2d 456, 457 (Tex.Civ.App. Austin 1972, writ ref. n. r. e.).

The rule as established in a vast body of case law in this state was incorporated by the Legislature in the Texas Uniform Commercial Code:

"As between the obligor and his immediate obligee or any transferee the terms of an instrument may be modified or affected by any other written agreement executed as a part of the same transaction, except that a holder in due course is not affected by any limitation of his rights arising out of the separate written agreement if he had no notice of the limitation when he took the instrument." (Sec. 3.119, Uniform Commercial Code V.T.C.A.; 59 Leg., ch. 721, sec. 3–119; Acts 1967, 60th Leg., vol. 2, p. 2343, ch. 785, sec. 1)

The trial court rendered judgment on the basis of findings that the writing and the note were integral parts of the same transaction and that Pace and all "subsequent takers of . . . [Sharp's] note" were not "innocent purchasers for value without notice."

■ The trial court found, on the basis of competent evidence, that the sales of paint were never sufficient to support the payment of $7,085 under the writing which provided the "First $7,085 to be paid out of the sales of paint." The integrated agreement therefore provided within its terms that payment of the note for $12,000 was contingent upon payment of the first $7,085 out of sales of paint acquired in the distributorship. When performance under a contract is contingent upon a condition precedent, the contingency must occur before there is an obligation to perform. See Bauld v. Doyle, 445 S.W.2d 616, 618 (Tex.Civ.App. Austin 1969, writ ref. n. r. e.) and authorities there cited.

We overrule Texas State Bank's points of error under which contentions are made contrary to the holdings stated.

■ Texas State Bank also contends that the findings of the trial court to the effect that Pace knew, at the time he bought the note from Tingley, that the writing of May 9 modified the obligation of the note are "not supported by the greater weight of the evidence."

Under this contention the Bank argues that Pace denied he had such knowledge at the time he bought the note, and that the testimony of two of the three witnesses who testified to the contrary were interested witnesses and the testimony of the third witness "was so confused and vague that it offered no evidence of any credibility . . ."

We have examined the statement of facts with care and we are satisfied that the findings of the trial court are supported by competent evidence. It is a rule well recognized that findings of fact by the court are comparable to the verdict of a jury on special issues, and that the findings when supported by some competent evidence will not be disturbed on appeal. 4 McDonald, Texas Civil Practice, sec. 16.05 (Rev.Ed.1971); Ligon v. Chas. P. Davis Hardware, Inc., 492 S.W.2d 374 (Tex.Civ. App. Austin 1973, no writ).

Texas State Bank's points of error related to contentions as to Pace's knowledge or lack of knowledge are overruled.

■ Texas State Bank makes the further contention that it was error to admit in evidence certain proceedings and orders of the Texas Securities Commissioner pertaining to Pace International, Inc., because the documents were "totally and utterly immaterial, and irrelevant, and had no bearing upon the issue involved in this cause."

We do not find that the Bank has demonstrated that the evidence prejudiced the trial court's judgment, nor has it been shown in what manner the Bank was harmed by the evidence if improperly admitted. It is clear from the statement of facts that the trial court recognized that the evidence of security violation by a Pace corporation "probably" had no connection "with the instruments of the transactions" which were a part of the case. In announcing decision from the bench, the court stated that the writing and the note were parts "of the same transaction" and that "Pace had knowledge of the conditions set forth . . . [in the writing] at or before the purchase of the note . . and that none of the subsequent takers of that note could be innocent purchasers for value without notice."

The point of error is overruled.

Under its final point Texas State Bank seeks to separate the writing from the note and to persuade this Court to award judgment "as though the note had been for $4,915.00." The Bank argues that the modification in the writing "extended only to $7,085.00 of that $12,000.00 obligation," and that the remaining $4,915 of the note was an "unconditional promise to pay said sum of money . . . regardless of whether any paint sales were made."

This theory of defense was neither pleaded nor urged in the trial. The Bank pleaded that Pace purchased the note for value before maturity and without notice

of "any defenses to liability" on the note. Counsel for the Bank stated to the trial court, " . . . it is the Plaintiff's position that the condition set out in the agreement of May 9, 1969, may be just real well and good, but it is just plain unenforceable and it has no effect."

The rule is firmly established that a party may not assert for the first time on appeal a new ground for judgment which was not asserted in pleadings and presented to the trial court. State v. Huber Corporation, 145 Tex. 517, 199 S.W.2d 501 (1947); Oil Field Haulers Association v. Railroad Commission, 381 S.W.2d 183 (Tex. Sup.1964); Mozley v. Tabor, 484 S.W.2d 596, 601 (Tex.Civ.App. Waco 1972, writ ref. n. r. e.).

The seventh point of error is overruled.

Judgment of the trial court is in all things affirmed.